United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Olufolayinka Dada, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-22736-Civ-Scola |
| | ) | |
| Jeff Campbell, and American Express Company, Defendants. | ) ) | |

**Order Dismissing Complaint and**
**Granting Leave to Proceed In Forma Pauperis**

This matter is before the Court upon an independent review of the record. The Plaintiff's complaint purports to sue Defendants Jeff Campbell and the American Express Company ("American Express"). (Compl. at 2, ECF No. 1.) The Plaintiff claims that Defendant Campbell, as the Chief Financial Officer ("CFO") of American Express, breached his fiduciary duty to the Plaintiff by refusing to accept "payments in the form of negotiable instruments." (*Id.* ¶¶ 7-10.) The Plaintiff has also moved to proceed *in forma pauperis*. (Mot. Proc. IFP, ECF No. 3.)

1. **Pleading Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) (2006) requires a court to dismiss a case at any time if the court determines that the case is frivolous or fails to state a claim on which relief may be granted. The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under Section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

2. **Breach of Fiduciary Duty**

To plead a claim for breach of fiduciary duty, a plaintiff must plead the following elements: "the existence of a fiduciary duty, and the breach of that

duty such that it is the proximate cause of the plaintiff's damages." *BluestarExpo, Inc. v. Enis*, 568 F. Supp. 3d 1332, 1347 (S.D. Fla. 2021) (Scola, J.) (quoting *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002)). "A fiduciary relationship may be either express or implied." *Id.* (quoting *Maxwell v. First United Bank*, 782 So. 2d 931, 933 (Fla. 4th DCA 2001)). "Express fiduciary relationships are created by contract . . . or can be created by legal proceedings." *Id.* "An implied fiduciary relationship, on the other hand, can be inferred from 'the circumstances surrounding the transaction and the relationship of the parties and may be found when confidence is reposed by one party and a trust accepted by the other.'" *Id.*. "Regardless of whether the fiduciary relationship is express or implied, a plaintiff must, of course, do more than set forth conclusory allegations or merely recite the definition of a fiduciary relationship." *Id.* (citing *Hogan v. Provident Life & Acc. Ins. Co.*, 665 F. Supp. 2d 1273, 1287 (M.D. Fla. 2009)).

The Plaintiff wholly fails to plead any allegations here that would support the actual or implied existence of a fiduciary relationship between himself and Defendant Campbell. Indeed, "when parties when parties deal at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other." *Hogan*, 665 F. Supp. 2d at 1287. Further, the Plaintiff's allegations here—that Defendant Campbell, as CFO of American Express, breached a fiduciary duty he allegedly owed the Plaintiff, American Express's customer, by refusing to accept tender of negotiable instruments as payment for credit card debt—are the very definition of an "arm's length transaction." (Compl. ¶¶ 7-10); *Hogan*, 665 F. Supp. 2d at 1287. Therefore, the Court must dismiss the Plaintiff's claim against Defendant Campbell.

Additionally, the Plaintiff fails to plead any claim for relief against Defendant American Express. (Compl. ¶¶ 7-10 (pleading only claim for breach of fiduciary duty against Defendant Campbell); *see generally id.* (bringing no other claims for relief).) Accordingly, the Court must also dismiss the Plaintiff's complaint against American Express.

### 3. Motion for Leave to Proceed In Forma Pauperis

To be able to proceed in forma pauperis, the Plaintiff must establish in an affidavit that he is unable to pay the filing fee due to his financial circumstances. 28 U.S.C. § 1915(a)(1). In evaluating such a motion, the Court must find that "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to

support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The Plaintiff has identified in his application to proceed in forma pauperis that he has only $1,500.00 per month in income. (Mot. at 1.) He has only $504.00 in savings. (*Id.* at 2.) He has regular monthly expenses of $450.00 and has a dependent four-year-old daughter. (*Id.* at 3.) Accordingly, the Court finds that the Plaintiff's affidavit is sufficient to establish that he is unable to pay court fees and costs because of his poverty. *Martinez*, 364 F.3d at 1307. Therefore, the Court grants the Plaintiff's motion to proceed in forma pauperis.

### 4. Conclusion

In this case, the Plaintiff's complaint does not contain a short and plain statement of the claim showing that he is entitled to relief. The Plaintiff fails to plead sufficient facts supporting a claim for relief for breach of fiduciary duty against Defendant Campbell, and he fails to put forth any purported claims against Defendant American Express. Accordingly, the Plaintiff's complaint is **dismissed**. (**ECF No. 1**.) Because the Court finds the Plaintiff to be unable to state a claim for breach of fiduciary duty against Defendant Campbell, the Plaintiff's complaint against him is dismissed **with prejudice**. Because the Plaintiff fails to plead any claims whatsoever against Defendant American Express, and the Court is therefore unable to evaluate those claims, the Court dismisses the complaint against American Express **without prejudice** and with leave to amend. The Plaintiff must file an amended complaint (should he choose to do so) no later than **August 7, 2023**, or the Court will dismiss this matter.

Finally, because the Court has granted the Plaintiff leave to amend his complaint against Defendant American Express, the Court also **grants** the Plaintiff's motion for leave to proceed *in forma pauperis*. (**ECF No. 3**.)

**Done and ordered** in Miami, Florida, on July 24, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. Mail to*:
Olufolayinka Dada
490 NE 102nd Street
Miami Shores, Fl 33138