United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Olufolayinka Dada, Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-22736-Civ-Scola |
| ) | |
| Jeff Campbell, and American ) | |
| Express Company, Defendants. ) | |

### Order Denying Motion for Leave to File Fourth Amended Complaint

This matter is before the Court on the Plaintiff's motion for leave to file fourth amended complaint. ("Mot.," ECF No. 10.) After careful consideration of the motion, the proposed amended complaint, the record, and the relevant legal authorities, the Court **denies** the Plaintiff's motion for leave to file the proposed amended complaint. (**ECF No. 10**.)

In accordance with Federal Rule of Civil Procedure 15(a)(2), a party seeking to amend its complaint may do so only with the opposing party's written consent or the court's leave. According to the rule, leave should be freely given when justice so requires. Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiff's request should be granted. *Espey v. Wainwright,* 734 F.2d 748, 750 (11th Cir. 1984). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida,* 342 F.3d 1281, 1287 (11th Cir. 2003) (quotations omitted). "[L]eave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." *Montes v. M & M Mgmt. Co.,* No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015) (Marra, J.) (citing *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980)). In order to deny leave to amend, the Court must identify a "justifying reason." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The Plaintiff originally brought this action seeking a breach of fiduciary duty claim against Defendant Jeff Campbell, and unstated claims against Defendant American Express Company, relating to three credit cards the Plaintiff alleged he holds with American Express. (Compl. ¶ 1, ECF No. 1.) Because the Plaintiff also moved to proceed in forma pauperis, the Court reviewed the complaint to determine whether it was frivolous or failed to state a claim upon which relief may be granted. Finding the complaint failed to state claim for relief, the Court dismissed the Plaintiff's claims against Defendant Campbell with

prejudice, and against Defendant American Express without prejudice and with leave to amend, due to the Plaintiff's pro se status. (Order at 1-2, ECF No. 6.) The Court required the Plaintiff to file an amended complaint against Defendant American Express, if the Plaintiff desired to, no later than August 7, 2023.

Instead, the Plaintiff filed the instant motion for leave to amend, including in the motion his proposed amended complaint purporting to plead a claim for breach of contract against Defendant Campbell and a claim for fraud against Defendant American Express. Because the Court finds each of the claims are clearly insufficient on their faces and are therefore futile, the Court must deny the motion for leave to amend. *See Montes*, 2015 WL 11254703, at *1.

First, the Plaintiff fails to plead the existence of a contract between himself and Defendant Campbell that would support his claim for breach of contract. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) ("For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."). The only possible support for the existence of a contract that the Plaintiff offers in the proposed amended complaint is that he "opened 3 credit cards with American Express." (Mot. ¶ 1). Even if this would even suffice to plead the existence of a contract, which it does not, the allegation says nothing of any potential contract between the Plaintiff and Defendant Campbell. *Vega*, 564 F.3d at 1272.[1] Indeed, it seems that this claim is instead an attempt to restate the breach of fiduciary duty claim that the Court dismissed with prejudice, as it alleges that "American Express and Jeff Campbell (CFO of American Express in his fiduciary role) will be in breach of contract for not accepting tender of payment." (Mot. ¶ 8.) The Court has already observed that the Plaintiff cannot legally sustain a breach of fiduciary duty claim against Defendant Campbell. (Order at 1-2.)

Second, the Plaintiff fails to plead sufficient facts to support a claim for fraud against Defendant American Express under Florida law. "The requirements for a claim of fraud or fraudulent inducement are: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." *Thompkins v. Lil' Joe Recs., Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007). And, while the Court must extend the Plaintiff some leeway because he is proceeding pro se, the Plaintiff still required to abide by Federal Rule of Civil Procedure's requirements that the circumstances of alleged fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances

---

[1] "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id.*

constituting fraud or mistake."). The "leniency applied to pro se complaints does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action." *Carvel v. Godley*, No. 08-61831-CIV, 2009 WL 10697626, at *4 (S.D. Fla. Dec. 14, 2009) (Brown, Mag. J.), *report and recommendation adopted*, No. 08-61831-CIV, 2010 WL 11595293 (S.D. Fla. Jan. 13, 2010), *aff'd,* 404 F. App'x 359 (11th Cir. 2010) (cleaned up).

    The Plaintiff fails to allege any false statement made by American Express, any knowledge of falsity by American Express, or any intent to induce reliance by the Plaintiff. (Mot. ¶¶ 13-19.) In fact, the Court has difficulty determining what the Plaintiff means to allege in this count at all. At best the Court can determine, it appears that the Plaintiff is taking issue with the Federal Reserve System and alleging that American Express, as an agent of the Federal Reserve Board, is refusing to honor the Plaintiff's "applications." (*Id.* ¶ 15.) Exactly how American Express could be an "agent" of the Federal Reserve Board, the Plaintiff never alleges; neither does he detail what constitutes his "applications" or why it would be fraudulent for American Express to refuse them. (*Id.* ¶¶ 1-19.)

    In sum, the Plaintiff fails to plead any claims upon which relief could be granted in his proposed amended complaint. In fact, the claims for relief he purports to plead in the proposed amended complaint are also frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (observing that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Because the Court previously granted the Plaintiff leave to amend his complaint against Defendant American Express, the Court will not dismiss the entire matter as frivolous at this juncture. But the Court cautions the Plaintiff to review the standard for frivolity,[2] the Court's order dismissing his original complaint (ECF No. 6), and the Court's order providing instructions to pro se litigants (ECF No. 8) before filing an amended complaint, should he choose to do so.

    For the reasons stated above, the Court **denies** the Plaintiff's motion for leave to file an amended complaint. (**ECF No. 10**.) Because the Court has previously dismissed the Plaintiff's original complaint and granted the Plaintiff leave to amend his claims against Defendant American Express Company, the Court reminds the Plaintiff that he must file an amended complaint—not move to

---

[2] *See, e.g., Neitzke*, 490 U.S. at 327-28 (observing that 28 U.S.C. § 1915 grants courts "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). Claims that are based on meritless legal theories include, for example, "claims against which it is clear that the defendants are immune from suit, . . . and claims of infringement of a legal interest which clearly does not exist." *Id.* Claims that are based on baseless factual allegations include, for example, "claims describing fantastic or delusional scenarios." *Id.* at 328.

file, but actually file—an amended complaint no later than **August 7, 2023**, or the Court will dismiss this case. The Court **directs** the Plaintiff to review the Court's order dismissing the original complaint (ECF No. 6), the Court's order providing instructions to pro se litigants (ECF No. 8), the Federal Rules of Civil Procedure, and any other applicable law, should the Plaintiff choose to file an amended complaint by the stated deadline.

    **Done and ordered** in Miami, Florida, on August 1, 2023.

                                                                                                    Robert N. Scola, Jr.
                                                                                                    United States District Judge

*Copy via U.S. Mail to*:
Olufolayinka Dada
490 NE 102nd Street
Miami Shores, Fl 33138