United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Olufolayinka Dada, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-22736-Civ-Scola |
| | ) | |
| Jeff Campbell, and American Express Company, Defendants. | ) ) | |

## Order Dismissing Amended Complaint

This matter is before the Court upon an independent review of the record. The Court previously dismissed the Plaintiff's complaint for failure to state a claim upon which relief may be granted. (Order Dismissing Compl., ECF No. 6.) In that order, the Court required the Plaintiff to file an amended complaint addressing the noted pleading deficiencies no later than August 7, 2023. (*Id.*) The Court subsequently denied the Plaintiff's motion for leave to amend the complaint (Mot., ECF No. 10) because the proposed amended pleading was futile. (Order Denying Leave Am., ECF No. 12.) The Plaintiff filed an amended complaint, consistent with the Court's prior order, on August 4, 2023. (Am. Compl., ECF No. 13.) Having reviewed the amended complaint, the Court now **dismisses** it for failure to state a claim upon which relief may be granted. (**ECF No. 13**.) The amended complaint is almost entirely identical to the proposed amended complaint that the Plaintiff previously attempted to file, and the Court must dismiss it.

### 1. Pleading Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) (2006) requires a court to dismiss a case at any time if the court determines that the case is frivolous or fails to state a claim on which relief may be granted. The same standard as a dismissal under Federal Rule of Civil

Procedure 12(b)(6) governs a dismissal under Section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

### 2. Breach of Contract Claim

The Plaintiff's first claim, which he styles as a breach of contract claim, is nearly identical to the claim against Defendant Jeff Campbell that the Court has dismissed once and denied leave to amend, finding it to be futile. (Order Dismissing Compl.; Order Denying Leave Am.) Once again, the Plaintiff fails to plead the existence of a contract between himself and either Defendant. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) ("For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."). The only possible support for the existence of a contract that the Plaintiff offers in the amended complaint is that he "opened 3 credit cards with American Express." (Am. Compl. ¶ 1).[1] Even if this would even suffice to plead the existence of a contract, which it does not, the allegation says nothing of any potential contract between the Plaintiff and Defendant Campbell. *Vega*, 564 F.3d at 1272.[2] For the second time, it seems that this claim is instead an attempt to restate the breach of fiduciary duty claim that the Court dismissed with prejudice, as it alleges that "American Express and Jeff Campbell (CFO of American Express in his fiduciary role) will be in breach of contract for not accepting tender of payment." (Am. Compl. ¶ 8.) The Court has already observed that the Plaintiff cannot legally sustain a breach of fiduciary duty claim against Defendant Campbell. (ECF No. 6 at 1-2.) And the Court has denied leave to amend the complaint to include this claim, finding it would be futile. (Order Denying Leave Am. at 2.)

### 3. Fraud Claim

The Plaintiff's second claim, for fraud against American Express, is nearly a carbon copy of the fraud claim the Court found to be futile in its prior order. (Order Denying Leave Am. at 2-3.) Once again, to the extent that the Court can determine what the Plaintiff is attempting to allege at all, it appears that the Plaintiff bases his fraud allegations on the accusation "that American Express, as an agent of the Federal Reserve Board, is refusing to honor the Plaintiff's 'applications.'" (Am. Compl. ¶¶ 15-16; Order Denying Leave Am. at 2-

---

[1] The Plaintiff cites exhibits to the amended complaint that purport to identify the alleged agreements with American Express, but the amended complaint contains no exhibits.

[2] "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id.*

3.) The Court previously found that the Plaintiff's proposed amended complaint "fails to allege any false statement made by American Express, any knowledge of falsity by American Express, or any intent to induce reliance by the Plaintiff." (*Id.*)[3] It finds the same again here, and observes once more that, to the extent the Court can even discern what the Plaintiff is alleging, those allegations appear to be clearly frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[4]

### 4. Conclusion

For the reasons stated above, the Court finds the Plaintiff's amended complaint to be futile and frivolous, and therefore **dismisses** it. (**ECF No. 13**.) Because the Plaintiff has now had multiple opportunities to amend and has only reasserted the same baseless claims, the amended complaint is **dismissed with prejudice**. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**. The Court further directs the Clerk to **mail** a copy of this order to the Plaintiff at the address listed below.

**Done and ordered** in Miami, Florida, on August 9, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. Mail to*:
Olufolayinka Dada
490 NE 102nd Street
Miami Shores, Fl 33138

---

[3] "The requirements for a claim of fraud or fraudulent inducement are: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." *Thompkins v. Lil' Joe Recs., Inc.*, 476 F.3d 1294, 1315 (11th Cir. 2007).

[4] As the Court observed in its prior order, 28 U.S.C. § 1915 grants courts "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Claims that are based on meritless legal theories include, for example, "claims against which it is clear that the defendants are immune from suit, . . . and claims of infringement of a legal interest which clearly does not exist." *Id.* Claims that are based on baseless factual allegations include, for example, "claims describing fantastic or delusional scenarios." *Id.* at 328.